IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.   7:04-0027-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Kenneth Lee Brown, | ) | |
| | ) | |
| Movant. | ) | |

Defendant Kenneth Lee Brown ("Brown") filed a pro se motion to reduce sentence

pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  For the reasons set forth below, the court denies

Brown's motion because he has failed to show extraordinary and compelling reasons to reduce

his sentence and the factors under 18 U.S.C. § 3553(a) do not warrant a further reduction in this

case.

On July 29, 2004, Brown was found guilty by a jury of two counts of armed bank

robbery, in violation of 18 U.S.C. § 2113(a), (d), and two counts of using or carrying a firearm

during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).   On September

27, 2004, Brown was sentenced to 746 months' imprisonment.   Brown appealed his conviction

and sentence.   On November 2, 2005, the United States Court of Appeals for the Fourth Circuit

affirmed Brown's conviction and sentence.   See United States v. Brown, No. 04-4871, 2005

WL 2871913, at *1 (4th Cir. Nov. 2, 2005) (unpublished).   The United States Supreme Court

subsequently denied Brown's request for a writ of certiorari on February 27, 2006.   See Brown

v. United States, 546 U.S. 1221 (2006).   On January 25, 2021, Brown filed a motion to reduce

his sentence.   (Mot. Reduce, ECF No. 115.)   On February 11, 2021, the court dismissed

Brown's motion without prejudice for failure to exhaust.   (Feb. 11, 2021, Order, ECF No. 121.)

Brown appealed the court's decision, and the appeal was dismissed for failure to prosecute on

June 4, 2021.    United States v. Brown, No. 21-6449 (4th Cir. Jun. 4, 2021).

Brown filed a second motion to reduce his sentence on April 5, 2021, arguing that

extraordinary and compelling reasons existed to reduce his sentence because if he were

sentenced under the current law as amended by the First Step Act his two § 924(c) convictions

would not be stacked, and he would receive a much lower sentence.    (Mot. Reduce, generally,

ECF No. 130.)    The court granted the motion and reduced Brown's sentence to 446 months'

imprisonment.    (June 14, 2021, Order, ECF No. 134; July 12, 2021, Corrected Order, ECF No.

137.)    On December 20, 2021, Brown filed a motion for reconsideration, which the court denied

the same day. (Mot. Reconsideration, ECF No. 139; Dec. 20, 2021, Text Order, ECF No. 140.)

On December 15, 2022, Brown filed a letter, which the court construed as a motion to reconsider

and/or further reduce his sentence and which the court denied on December 20, 2022.    (Mot.

Reduce Sentence, ECF No. 154; Dec. 20, 2022, Text Order, ECF No. 155.)    Brown appealed,

and the appeal remains pending.[1]  United States v. Brown, No. 23-6195 (4th Cir.).    Brown filed

the instant motion to reduce his sentence on August 24, 2023, contending that extraordinary and

---

[1] "When faced with a motion for compassionate release during a pending appeal, the court may (1) defer considering the motion, (2) deny the motion, or (3) issue an indicative ruling." United States v. Wolfe, No. 6:18-CR-00582-DCC-1, 2021 WL 2291894, at *2 (D.S.C. June 4, 2021), reconsideration denied, No. 6:18-CR-00582-DCC-1, 2022 WL 1204840 (D.S.C. Apr. 21, 2022); Fed. R. Crim. P. 37(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."); United States v. Bunch, 828 F. App'x 185 (4th Cir. Nov. 4, 2020) (unpublished) ("[T]he district court erred in dismissing the motion [for compassionate release] and should have resolved the motion within the limits of Rule 37(a).").

compelling reasons exist to reduce his sentence because he needs to care for his elderly mother

whose health is declining.    (Mot. Reduce, generally, ECF No. 164.)    The court ordered the

Government to respond to the motion.    After receiving a brief extension, the Government filed

a response on October 2, 2023.    (Gov't Resp., ECF No. 171.)    This matter is now ripe for

review.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed."

18 U.S.C. § 3582(c).    Section 3582(c)(1)(A), however, provides the following limited

exception:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of
> the defendant after the defendant has fully exhausted all administrative rights may
> reduce the term of imprisonment . . . , after considering the factors set forth in
> section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary
> and compelling reasons warrant such a reduction and that such a reduction is
> consistent with applicable policy statements issued by the Sentencing Commission.

Id. § 3582(c)(1)(A).    Although not controlling, the Sentencing Commission's policy statement

contained in the United States Sentencing Guideline ("U.S.S.G.") § 1B1.13(C) provides "helpful

guidance."   United States v. McCoy, 981 F.3d 271, 282 n.7 (4th Cir. 2020).   The commentary to

U.S.S.G. § 1B1.13 identifies two situations in which a defendant's family circumstances may

constitute an extraordinary and compelling reason justifying a sentence reduction: (1) "[t]he death

or incapacitation of the caregiver of the defendant's minor child or minor children," or (2) "[t]he

incapacitation of the defendant's spouse or registered partner when the defendant would be the

only available caregiver for the spouse or registered partner."   U.S.S.G. § 1B1.13, Application

Note 1(C).

Brown's family circumstances do not fall within either of these categories.   Brown has

provided two letters from his mother's primary care doctor, Dr. Henry E. Shugart, who indicates

that Brown's mother suffers from "chronic and serious medical conditions" and requires a full-time caregiver to be with her at all times. (Mot. Reduce Ex. 5 (Letters), ECF No. 164.)   In its response, the Government notes that it contacted Dr. Shugart, who reported that Brown's mother has suffered from these ailments for several years and has been attending her medical appointments.   (Gov't Resp. 5, ECF No. 171.)   Aside from Brown's allegation that he "needs" to be his mother's caregiver, there is no evidence that there is no other available caregiver for Brown's mother.   (Mot. Reduce 2, ECF No. 164.)

While the court empathizes with Brown's desire to care for his mother, he has failed to show that he is the only available caregiver for his mother.   "Other courts have confronted this issue and have held that a need to care for, or a desire to care for, an ailing parent is not a sufficient basis for compassionate release."   United States v. Smith, No. 3:15cr101, 2021 WL 3641463, at *3 (E.D. Va. Aug. 17, 2021) (unpublished) (citing United States v. Ingram, No. GJH-15-392, 2020 WL 3183698, at *2 (D. Md. June 15, 2020) (unpublished)); United States v. Shovely, No. 7:15-CR-00105, 2021 WL 667906, at *3 (W.D. Va. Feb. 19, 2021) (unpublished) ("[Defendant's] desire to care for his parents is admirable and h[e] is their only child, but he has neither argued nor demonstrated that he is their 'only available caregiver[.]'").   Based on the foregoing and the record before the court, the court finds that Brown has failed to show extraordinary and compelling reasons due to his family circumstances.

Further, even if Brown had presented evidence of extraordinary and compelling reasons to reduce his sentence, the court has considered the factors under 18 U.S.C. § 3553(a)[2]  and finds

---

[2]  The § 3553(a) factors include:

that the nature and circumstances of Brown's offenses, his history and characteristics, and the

need for his sentence to reflect the seriousness of his offenses and to promote respect for the law

do not support a reduction in this case.

The court previously reduced Brown's sentence from 746 months' to 446 months'

imprisonment after finding that his stacked § 924(c) convictions constituted an extraordinary and

---

(1)    the nature and circumstances of the offense and the history and characteristics of the
       defendant;
(2)    the need for the sentence imposed–
       (A)    to reflect the seriousness of the offense, to promote respect for the law, and to
              provide just punishment for the offense;
       (B)    to afford adequate deterrence to criminal conduct;
       (C)    to protect the public from further crimes of the defendant; and
       (D)    to provide the defendant with needed educational or vocational training, medical
              care, or other correctional treatment in the most effective manner;
(3)    the kinds of sentences available;
(4)    the kinds of sentence and the sentencing range established for–
       (A)    the applicable category of offense committed by the applicable category of
              defendant as set forth in the guidelines–
              (i)    issued by the Sentencing Commission pursuant to section 994(a)(1) of title
                     28, United States Code, subject to any amendments made to such guidelines
                     by act of Congress (regardless of whether such amendments have yet to be
                     incorporated by the Sentencing Commission into amendments issued under
                     section 994(p) of title 28); and
              (ii)   that, except as provided in section 3742(g), are in effect on the date the
                     defendant is sentenced; . . . .
(5)    any pertinent policy statement–
       (A)    issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28,
              United States Code, subject to any amendments made to such policy statement by
              act of Congress (regardless of whether such amendments have yet to be
              incorporated by the Sentencing Commission into amendments issued under section
              994(p) of title 28); and
       (B)    that, except as provided in section 3742(g), is in effect on the date the defendant is
              sentenced[;]
(6)    the need to avoid unwarranted sentence disparities among defendants with similar records
       who have been found guilty of similar conduct; and
(7)    the need to provide restitution to any victims of the offense.

5

compelling basis for relief.    The § 3553(a) factors do not warrant a further reduction of his

sentence.    As the court noted in its previous order, Brown's crimes and the impact on the

multiple victims in this case cannot be overstated.    Brown committed two bank robberies during

which he brandished and discharged a firearm and threatened the lives of bank employees.

(PSR ¶¶ 7-8, 19-20.)    While fleeing from police after the second robbery, Brown broke into two

residences and pointed his firearm at two occupants.    (Id. ¶¶ 12-13.)    Brown also

commandeered a police vehicle in an attempt to evade arrest and later escaped from custody

while receiving medical treatment at a hospital.    (Id. ¶¶ 14, 18.)    Brown was on the run for two

weeks before he was apprehended in Florida.    (Id. ¶ 18.)    Brown's entire history reflects a

complete lack of respect for the law and the safety of the public.    He committed the bank

robberies in this case a little more than a year after being paroled after serving almost 20 years of

a life sentence that he received in state court for very serious crimes, including attempted armed

robbery, five counts of burglary, armed robbery, criminal sexual conduct first degree, and

receiving stolen goods. (Id. ¶¶ 60-64.)

The court recognizes that there is no evidence that Brown has incurred any significant

disciplinary actions during his incarceration and that he represents that he has changed.

However, as set forth above, Brown's criminal history and characteristics and the need for his

sentence to reflect the seriousness of the instant offenses do not support a further reduction in his

sentence.   Having considered the § 3553(a) factors, the court finds that the existing 446-month

sentence in this case promotes respect for the law, deters crime, protects the public, and is

"sufficient, but not greater than necessary," to achieve the statutory goals of sentencing.

Based on the foregoing and the record in this case, the court denies Brown's motion to reduce sentence.

It is therefore

**ORDERED** that Brown's motion to reduce sentence, docket number 164, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
October 11, 2023

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.