IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.  7:04-0027-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Kenneth Lee Brown, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Defendant Kenneth Lee Brown's ("Brown") pro se

motion under 18 U.S.C. § 3582(c)(1)(A) asking the court to reduce his 446-month sentence.

Because the applicable Sentencing Commission policy statement and the 18 U.S.C. § 3553(a)

factors do not support a further reduction of Brown's sentence, the court denies his motion.

## I. BACKGROUND

In February 2004, a grand jury charged Brown with two counts of armed bank robbery,

in violation of 18 U.S.C. § 2113(a), (d) (Counts One and Three), and two counts of using and

carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.

§ 924(c) (Counts Two and Four).  (Superseding Indictment, ECF No. 10.)  Brown proceeded to a

jury trial and was convicted on all four counts.  (Jury Verdict, ECF No. 29.)  The court sentenced

Brown to a total term of 746 months' imprisonment, consisting of 163 months each for Counts

One and Three, 120 months for Count Two, and 300 months for Count Four, with all sentences to

run consecutively.  (J., ECF No. 34.)  The Fourth Circuit affirmed Brown's conviction and

sentence.  United States v. Brown, No. 04-4871, 2005 WL 2871913 (4th Cir. Nov. 2, 2005)

(unpublished), cert. denied, 546 U.S. 1221 (2006).

1

After the First Step Act's passage in 2018, Brown moved for a sentence reduction,

arguing that his "stacked" § 924(c) convictions on Counts Two and Four constituted an

extraordinary and compelling reason for relief.  (Mots. Reduce, ECF Nos. 115, 130.)  Among

other things, the First Step Act amended § 924(c) "so that the 25-year mandatory minimum for a

second or subsequent offense applies only when a prior conviction under § 924(c) already has

become final."  United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020) (internal quotation

marks omitted).  In other words, the Act eliminated the 25-year mandatory minimum for first-

time § 924(c) offenders like Brown who were convicted of multiple § 924(c) counts charged in

the same indictment.  The court denied Brown's initial motion for failure to exhaust but granted

his subsequent motion in July 2021, reducing his sentence to 446 months' imprisonment.

(Orders, ECF Nos. 121, 134, 137.)  Since then, Brown has filed several other motions seeking

relief from his sentence, all of which have been denied.  (Orders, ECF Nos. 140, 144, 155, 172,

175, 184.)

On December 20, 2023, Brown filed the instant motion to reduce his sentence.  (Mot.

Reduce, ECF No. 183.)  Brown mainly argues that he no longer qualifies as a Guidelines career

offender and is thus entitled to a sentence reduction in order to avoid an unwarranted sentencing

disparity.  (Id. at 3, ECF No. 183.)  In its response filed on February 15, 2024, the government

concedes that Brown is no longer a career offender and represents that Brown would face a total

Guidelines range of 332 to 355 months' imprisonment if sentenced today.  (Gov't Resp. 5-6 n.1,

ECF No. 188.)  Still, the government contends that Brown's motion should be denied because a

sentence reduction would be inconsistent with the relevant Sentencing Commission policy

statement and the § 3553(a) factors.  (Id. at 6-9, ECF No. 188.)  This matter is ripe for review.

2

## II. LEGAL FRAMEWORK

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed."
18 U.S.C. § 3582(c).  The compassionate-release statute, however, authorizes a court to reduce
a defendant's sentence if, after considering the 18 U.S.C. § 3553(a) factors, it finds that
(1) "extraordinary and compelling reasons" warrant a reduction and (2) "such a reduction is
consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C.
§ 3582(c)(1)(A).

The "applicable policy statement[]" reiterates the statutory requirements, with the
additional requirement that the defendant not be "a danger to the safety of any other person or to
the community."  U.S.S.G. § 1B1.13(a)(2); see also U.S.S.G. Supp. to App. C, Amend. 814,
Reason for Amendment (effective Nov. 1, 2023) ("extend[ing] the applicability of the policy
statement to defendant-filed motions").  The policy statement then enumerates six categories of
"extraordinary and compelling reasons" that may justify compassionate release: (1) the
defendant's medical circumstances, (2) the defendant's advanced age, (3) the defendant's family
circumstances, (4) the defendant's status as a "victim of abuse," (5) any other reasons that are
"similar in gravity" to the first four categories, and (6) certain changes in law if the defendant has
served ten years of an "unusually long sentence" and the "change would produce a gross
disparity between the sentence being served and the sentence likely to be imposed at the time the
motion is filed."  U.S.S.G. § 1B1.13(b)(1)-(6).  Under the policy statement, a defendant's
rehabilitation "is not, by itself, an extraordinary and compelling reason" but "may be considered
in combination with other circumstances in determining whether and to what extent a reduction
in the defendant's term of imprisonment is warranted."  Id. § 1B1.13(d).

3

At the final step of the compassionate-release analysis, the court considers the § 3553(a) sentencing factors "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," deter crime, protect the public from the defendant's future criminal conduct, and provide the defendant with needed "correctional treatment"; (3) "the kinds of sentences available"; (4) the Guidelines sentencing range; (5) certain policy statements issued by the Sentencing Commission; (6) "the need to avoid unwanted sentence disparities among" similarly situated defendants; and (7) the need for victim restitution.  18 U.S.C. § 3553(a).

### III. DISCUSSION

### A. No Extraordinary and Compelling Reasons Warrant a Sentence Reduction

Brown argues that extraordinary and compelling reasons exist under U.S.S.G. § 1B1.13(b)(6).  That section provides that "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" may constitute "an extraordinary and compelling reason" for a reduction if (1) the defendant received "an unusually long sentence," (2) the defendant has served "at least 10 years of the term of imprisonment," and (3) the change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  U.S.S.G. § 1B1.13(b)(6). Although Brown has served more than ten years in prison, and even assuming his current 446-month sentence is "unusually long," § 1B1.13(b)(6) offers him no relief because the change in law on which he relies is a nonretroactive Guidelines amendment.

4

As alluded to above, Brown's presentence investigation report ("PSR") classified him as a Guidelines career offender.  (PSR ¶ 49, ECF No. 70.)  A defendant is a career offender if, among other things, he has "at least two prior felony convictions of . . . a crime of violence." U.S.S.G. § 4B1.1(a).  Under the 2003 version of the Guidelines, prior sentences for offenses not separated by an intervening arrest were considered "related" and thus counted as one sentence if the offenses "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing."  U.S.S.G. § 4A1.2(a)(2) & app. n.3 (2003).  Brown qualified as a career offender under the then-controlling Guidelines because he had at least two prior crime-of-violence convictions that were not "related" within the meaning of § 4A1.2, including his 1983 convictions for armed robbery and attempted armed robbery. (PSR ¶¶ 60-63, ECF No. 70); see United States v. Breckenridge, 93 F.3d 132, 137 (4th Cir. 1996) ("[W]hen 'there is no contention . . . that the two prior offenses occurred on the same occasion or were part of a single scheme or plan,' two prior offenses will not be regarded as 'consolidated for sentencing' under § 4A1.2 just because the two sentences were imposed during the same hearing on the same day." (cleaned up) (quoting United States v. Allen, 50 F.3d 294, 296 (4th Cir. 1995)).

However, after the court sentenced Brown, the Sentencing Commission amended § 4A1.2 to specify that sentences for offenses not separated by an intervening arrest are "treated as a single sentence" if "the sentences were imposed on the same day."  U.S.S.G. Supp. to App. C, Amend. 709.  Under the current Guidelines, Brown has only one prior conviction for a crime of violence because his underlying offenses were not separated by an intervening arrest and his sentences for those offenses were handed down on the same day.  (PSR ¶¶ 60-63, ECF No. 70.)

5

Brown is therefore correct in arguing that he would not be designated as a career offender if he were sentenced today.

In any event, despite the change to Brown's career-offender status, Amendment 709 does not present an extraordinary and compelling reason for relief because the Sentencing Commission did not make the amendment retroactive.  See United States v. Cofield, No. 07-4502, 2007 WL 4532938, at *1 (4th Cir. Dec. 26, 2007) (unpublished).  Section 1B1.13(b)(6) explicitly "excludes from consideration as extraordinary and compelling reasons warranting a reduction in sentence changes to the *Guidelines Manual* that the Commission has not made retroactive."  U.S.S.G. Supp. to App. C, Amend. 814, Reason for Amendment.  The court may consider a nonretroactive amendment to the Guidelines only if Brown "otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction" under § 1B1.13. U.S.S.G. § 1B1.13(c).  Brown mentions in passing that he has been rehabilitated, but a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]."  Id. § 1B1.13(d); 28 U.S.C. § 994(t); see, e.g., United States v. McCain, No. 1:06CR203-1, 2023 WL 7385546, at *8 (M.D.N.C. Nov. 8, 2023) (unpublished); United States v. Feliz, No. 16 Cr. 809 (VM), 2023 WL 8275897, at *6 (S.D.N.Y. Nov. 30, 2023) (unpublished); United States v. Lewis, No. 04-344, 2024 WL 640023, at *3-4 (E.D. La. Feb. 15, 2024) (unpublished); United States v. Ross, No. 3:18-cr-00626-AN, 2023 WL 8868814, at *5 (D. Ore. Dec. 22, 2023) (unpublished).

Therefore, without an independent extraordinary and compelling reason for compassionate release, the court must deny Brown's motion.

6

**B. The § 3553(a) Factors Do Not Warrant a Sentence Reduction**

Even if extraordinary and compelling reasons existed, the court would still deny Brown's motion because the applicable § 3553(a) factors counsel against his release.

To begin with, the "nature and circumstances" of Brown's offenses were particularly egregious.  18 U.S.C. § 3553(a)(1).  On November 10, 2003, Brown walked into a Spartanburg, South Carolina bank wearing a ski mask.  (PSR ¶ 19, ECF No. 70.)  He brandished a semiautomatic handgun, threatening to "pop" bank tellers if they gave him dye packs.  (Id. ¶ 19, ECF No. 70.)  After collecting $14,958, Brown fired a shot into the ceiling and fled.  (Id. ¶ 19, ECF No. 70.)  Two weeks later, Brown and another man robbed a second bank in Spartanburg. (Id. ¶ 7, ECF No. 70.)  One man held the bank manager at gunpoint while the other jumped over the counter and collected $11,781 from the tellers.  (Id. ¶ 8, ECF No. 70.)  As with the first robbery, Brown fired a warning shot into the ceiling before fleeing.  (PSR ¶¶ 8, 15, ECF No. 70.)

In his ensuing effort to avoid arrest, Brown broke into two homes and pointed his firearm at a resident trying to call 911.  (Id. ¶¶ 12-13, ECF No. 70.)  At one point, he managed to commandeer a police vehicle, driving a short distance before he crashed into a tree.  (Id. ¶ 14, ECF No. 70.)  Brown then tried to escape on foot but was clipped by a police cruiser and finally taken into custody.  (Id. ¶ 14, ECF No. 70.)  While being treated for his injuries at a hospital, Brown stole a nurse's purse and escaped through the ceiling in a restroom.  (Id. ¶ 18, ECF No. 70.)  He was on the run for two weeks before being apprehended in the early morning hours outside of a home in Florida, where he was found with condoms, latex rubber gloves, and a Halloween mask.  (PSR ¶ 69, ECF No. 70.)

7

Along with the serious nature of his offenses, Brown's "history and characteristics" also weigh against a sentence reduction. 18 U.S.C. § 3553(a)(1). The PSR sets forth in detail his lengthy history of violent criminal behavior. By eighteen, Brown had amassed convictions for attempted armed robbery, armed robbery, five burglaries, first-degree criminal sexual conduct, and receiving stolen goods. (PSR ¶¶ 60-63, ECF No. 70.) During one incident, Brown held up a man at gunpoint. (Id. ¶ 60, ECF No. 70.) During another, he broke into a woman's apartment, robbed her at knifepoint, and forced her to perform oral sex. (Id. ¶ 62, ECF No. 70.) Sixteen years into a life sentence for these crimes, Brown briefly escaped from custody, leading to another conviction. (Id. ¶ 64, ECF No. 70.) Incredibly, he was paroled a mere four years after his escape. (Id. ¶ 64, ECF No. 70.) Brown, however, squandered the opportunity to reintegrate into society by committing the bank robberies that led to his federal convictions.

Finally, reducing Brown's sentence would not "reflect the seriousness of [his] offense[s]," "promote respect for the law," or "provide just punishment," as he has served only fifty-four percent of his total sentence. 18 U.S.C. § 3553(a)(2)(A). See United States v. Thompson, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who ha[ve] already served the lion's share of their sentences"); United States v. Spencer, 521 F. Supp. 3d 606, 612 (E.D. Va. 2021) (denying compassionate release in part because the defendant had "served only about sixty percent of his sentence for a very serious offense"), aff'd, 853 F. App'x 833 (4th Cir. 2021).

In denying Brown's motion, the court recognizes that Brown has received no major disciplinary infractions and has completed several educational courses while incarcerated. (Gov't Resp. Ex. 5 (Discipline Report), ECF No. 188-5); (Id. Ex. 6 (Individual Needs Plan),

ECF No. 188-6.)  Although Brown's apparent efforts to better himself are commendable, the

court cannot overlook the severity of his crimes, his history of violence, the time remaining on

his sentence, and the fact that his lengthy state sentence did not deter him from reoffending.

Thus, after reviewing the record and considering the applicable § 3553(a) factors, the court finds

that Brown's current 446-month sentence is "sufficient, but not greater than necessary," to

achieve the statutory goals of sentencing.  18 U.S.C. § 3553(a).

## IV. CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that Brown's motion for

compassionate release, docket number 183, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 27, 2024

## NOTICE OF RIGHT TO APPEAL

Movant is hereby notified that he has the right to appeal this order within fourteen (14)

days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.