IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, ) | Case No. 7:04-cr-00027-JDA-1 |
| )  | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Kenneth Lee Brown, ) | |
| ) | |
| Defendant, ) | |
| ) | |

This matter is before the Court on Defendant Kenneth Lee Brown ("Brown")'s successive pro se motion to vacate his career offender enhancements pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] [Doc. 205.] Because the applicable Sentencing Commission policy statement, see U.S.S.G § 1B1.13, and the 18 U.S.C. § 3553(a) factors do not support a further reduction of Brown's sentence, the Court denies the motion.

## **BACKGROUND**[2]

In February 2004, a grand jury charged Brown with two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (Counts One and Three), and two counts of using and carrying a firearm during and in relation to a crime of violence, in violation of

---

[1] The Government has previously responded to a similar motion by Brown and conceded that, if sentenced under the Guidelines manual that was current when the Government filed that response, Brown would not qualify as a career offender and his Guidelines range would be 332–355 months in prison. [Doc. 188 at 1.] Following this response by the Government, the Court issued an Opinion and Order denying Brown's motion because the Section 3553(a) factors did not support a reduction of his sentence. [Doc. 189.] Brown appealed that decision, and the Fourth Circuit affirmed the denial of relief on April 14, 2025. [Doc. 203.]

[2] This background is taken from the Court's prior opinion in this matter. [Doc. 189.]

18 U.S.C. § 924(c) (Counts Two and Four). [Doc. 10 (Superseding Indictment).] Brown proceeded to a jury trial and was convicted on all four counts. [Doc. 29 (Jury Verdict).] The court sentenced Brown to a total term of 746 months' imprisonment, consisting of 163 months each for Counts One and Three, 120 months for Count Two, and 300 months for Count Four, with all sentences to run consecutively. [Doc. 34.] The Fourth Circuit affirmed Brown's conviction and sentence. *United States v. Brown*, No. 04-4871, 2005 WL 2871913 (4th Cir. Nov. 2, 2005), *cert. denied*, 546 U.S. 1221 (2006).

**Prior Motions**

After the First Step Act's passage in 2018, *see* Pub. L. 115-391, 132 Stat. 5194 (2018), Brown moved for a sentence reduction, arguing that his "stacked" § 924(c) convictions on Counts Two and Four constituted an extraordinary and compelling reason for relief. [Docs. 115; 130.] The Court denied Brown's initial motion on the basis of failure to exhaust but granted his subsequent motion in July 2021, reducing his sentence to 446 months' imprisonment. [See Docs. 121; 134; 137.] Since then, Brown has filed several other motions seeking relief from his sentence, all of which have been denied. [*See* Docs. 140; 144; 155; 172; 175; 184.]

On December 20, 2023, Brown filed a motion to reduce his sentence, arguing that he no longer qualifies under the Guidelines as a career offender and is entitled to a sentence reduction to avoid unwarranted sentencing disparities. [Doc. 183.] Brown argued that extraordinary and compelling reasons existed under U.S.S.G. § 1B1.13(b)(6). The Court found, however, that even assuming his current 446-month sentence was "unusually long," § 1B1.13(b)(6) offered him no relief because the change in law on which

he relied was a nonretroactive Guidelines amendment. [Doc. 189 at 4.] The Court also found that the applicable § 3553(a) factors counseled against his release. [*Id*. at 7–9.]

**Current Motion**

In his current Motion, Brown again argues that, on November 1, 2023, new Sentencing Guidelines came into effect and that two of the amendments apply retroactively. [Doc. 205 at 1.] According to Brown, one of the Guidelines, § 4A1.1(e), eliminates two criminal history status points applying to those who committed their current offense while under community supervision but allows one status point to be assessed if the defendant already has seven or more criminal history points. [*Id*. at 5.] The other Guideline, § 4C1.1(a) authorizes a two-level reduction for individuals who have zero criminal history points. [*Id*.] Brown also argues that if he were sentenced under the 2023 Guidelines, he would not qualify as a career offender and his new guideline range would result in a range of 92–115 months with an additional 120 months on his 924(c) charges for a new guideline range of 332–355 months. [*Id*.] Brown argues he is not a danger to society or his community, has received his GED, has a work release plan, and wants to help his community and pay his taxes like other hard-working Americans. [*Id*. at 7.] Brown argues that consideration of the § 3553(a) factors should reflect his current dangerousness, not whether he has ever been dangerous. [*Id*. at 8.]

In opposition, the Government argues that while Brown is likely correct that, if sentenced today, he would not be a career offender, Brown remains a danger to the community and a reduction would be inconsistent with the policy statement. [Doc. 210 at 6, 8.]

## **LEGAL STANDARD**

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception to this rule is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

Title 18, United States Code, Section 3582(c)(1)(A)(i), commonly known as the "compassionate release" provision, provides a statutory vehicle to modify a defendant's sentence. *United States v. Wiggins*, No. ELH-13-512, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020). Section 3582 was adopted as part of the Sentencing Reform Act of 1984. *Id*. The statute originally permitted a court to alter a sentence only at the Bureau of Prisons ("BOP")'s request. *See United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020).

In December 2018, Congress significantly modified the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA"). *See* Pub. L. 115-391, 132 Stat. 5194 (2018). This Court has held that as amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a sentence of imprisonment

> upon motion of the Director of BOP, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever occurs first.

*Wiggins*, 2020 WL 4436373, at *2 (cleaned up).  And so, once a defendant has exhausted his or her administrative remedies, the defendant may petition this Court directly for compassionate release.  *Id*.

Under Section 3582(c)(1)(A), the court may modify a defendant's sentence if, "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).  Accordingly, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must show that: (1) "extraordinary and compelling reasons warrant a reduction of his sentence"; (2) "the sentence modification is consistent with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13"; and (3) "the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction."  *Wiggins*, 2020 WL 4436373, at *3 (internal quotation marks omitted).  The United States Sentencing Commission ("the Commission") is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A).  28 U.S.C. § 994(t).

5

U.S.S.G. § 1B1.13(a) provides, in relevant part,

> Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

Section 1B1.13(b) of the policy statement identifies several circumstances that the Court may consider as "extraordinary and compelling reasons" warranting a reduction in sentence. *See* § 1B1.13(b)(1)-(6). Section 1B1.13(c) of the policy statement limits a court's ability to consider changes in the law in determining whether an extraordinary and compelling reason exists under the policy statement. Finally, §1B1.13(d) of the policy statement "limits the weight a court may assign to a defendant's rehabilitation while serving a sentence." *United States v. Thomas*, No. ELHY-18-0246, 2025 WL 1504831, at *7 (D. Md. May 27, 2025).

Even if a prisoner establishes extraordinary and compelling reasons warranting relief consistent with the policy statement, the court must also consider the factors set forth in 18 U.S.C. § 3553(a). These factors include "the nature and circumstances of the

6

offense"; "the history and characteristics of the defendant"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public from further crimes of the defendant," and "provide the defendant with . . . training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a). According to the Fourth Circuit, "many case-specific facts fit under the broad umbrella of the Section 3553(a) factors." *United States v. Bond*, 56 F.4th 381, 384 (4th Cir. 2023). Moreover, the district court "enjoy[s] the discretion to give additional weight to any one factor so long as [it] do[es] not confine [its] analysis to that factor." *United States v. Davis*, 99 F.4th 647, 656 (4th Cir. 2024).

## **DISCUSSION**

**Exhaustion of Remedies**

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021); 18 U.S.C. § 3582(c)(1)(A). For purposes of this motion, the Government assumes that Brown has exhausted his remedies as his 2024 and 2025 petitions are requested on the same or similar basis. [Doc. 210 at 4 n.1.] The Court also assumes Brown has exhausted his remedies and thus proceeds to review the merits of the case.

**Whether There is an Extraordinary and Compelling Reason for Reduction**

Brown argues that the amendments outlined in Amendment 821 Part A to the U.S. Sentencing Guidelines constitute an extraordinary and compelling reason for a reduction of his sentence. The Court agrees.

On November 1, 2023, the United States Sentencing Commission's amendments to the advisory Sentencing Guidelines took effect. These amendments included Amendment 821, which in Part A reduces "status points" for certain offenders with less serious criminal histories,[3] and in Part B provides for a decrease of two offense levels for individuals with zero criminal history points and whose offense did not involve specific aggravating factors, *United States Sentencing Guidelines Manual* Supp. App. C, amend. No. 821, part B (2023).[4] The Commission also determined that these provisions would be given retroactive effect. *Id.*, amend. No. 825. Courts have emphasized that retroactive amendments to the Guidelines are governed by § 3582(c)(2), which provides a separate mechanism for sentence reductions based on retroactive changes. *See*, *e.g., United States v. Oliver*, 133 F.4th 329, 340 n.7 (4th Cir. 2025). Under this provision, a court may reduce a sentence if the Sentencing Commission has explicitly made the amendment retroactive and the reduction is consistent with applicable policy statements. 18 U.S.C. § 3582(c)(2). For example, in *United States v. Barrett*, 133 F.4th 280 (2025), the Fourth Circuit explained that retroactive amendments, such as Amendment 821, allow previously

---

[3] "Specifically, a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points." *United States v. Diaz*, No. JKB-16-0259, 2025 WL 327314, at *1 (D. Md. Jan. 28, 2025).

[4] The Court notes that, based on his PSR, Brown is not a Zero-Point Offender for purposes of sentencing. Thus, Part B to Amendment 821 does not apply in this case.

sentenced defendants to seek discretionary sentence reductions under § 3582(c)(2), provided the reduction aligns with the Commission's policy statements. *Id.* at 284–85. While retroactive amendments alone do not meet the extraordinary and compelling standard, courts may consider them in conjunction with other factors, such as the defendant's age, medical condition, family circumstances, or post-sentencing rehabilitation. *See* U.S.S.G. § 1B1.13(b).

The November 1, 2023, amendments also included Amendment 814, which revised U.S.S.G. § 1B1.13 to expand the list of extraordinary and compelling reasons that constitute grounds for so-called "compassionate release" relief under 18 U.S.C. § 3582(c)(1)(A). *U.S. Sentencing Guidelines Manual* Supp. App. C, amend. 814 (2023). As previously noted, Section 1B1.13(a) states:

> Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A)  extraordinary and compelling reasons warrant the reduction; or
>
>    (B)  the defendant (i) is at least 70 years old,[5] and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

---

[5] In this case, Brown is approximately 60 years old, so subsection 1(B) does not apply.

§ 1B1.13(a)(1)–(3) (footnote added).  With respect to subsection 1(A), Brown must show extraordinary or compelling reasons warranting reduction.

As amended, U.S.S.G.§ 1B1.13(b) provides that an "extraordinary and compelling" reason warranting compassionate release can exist under any of the following circumstances, each of which includes detailed requirements and caveats:

> (1) Medical Circumstances of the Defendant
>
> (2) Age of the Defendant
>
> (3) Family Circumstances of the Defendant
>
> (4) Victim of Abuse
>
> (5) Other reasons
>
> (6) Unusually Long Sentence

Beginning with the last circumstance, "unusually long sentence," and the associated limitation in § 1B1.13(c), the Court notes that the policy statement provides that a defendant is eligible for a sentence reduction if he can show the following:

> (6) *Unusually Long Sentence*.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.
>
> (c) *Limitations on Changes in Law*.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made

>     retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.  However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. §§ 1B1.13(b)(6) and (c).

The Government concedes that, if sentenced today, Brown would not be a career offender. [Doc. 210 at 6.]  Assuming Brown is entitled to being considered for a sentence reduction under the policy statement, the Court must now consider the factors set forth in section 3553(a) given the extraordinary and compelling circumstances present here.  *See United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016) (citing § 3582(c)(2)); *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) ("A district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) without considering the factors set forth in section 3553(a) to the extent that they are applicable." (internal quotation marks omitted)).  The ultimate decision of "[w]hether to reduce a sentence and to what extent" is committed to the district court's discretion.  *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013).

**Whether the Section 3553(a) Factors Weigh in Favor of Reduction**

Brown contends consideration of the 3553(a) factors weigh in his favor because he is not "currently dangerous." [Doc. 205 at 8 (internal quotation marks omitted).] Brown argues his conduct while in prison should be considered and that he has made significant efforts toward rehabilitation and shown significant progress over the last 20 years of incarceration. [*Id.* at 8–9.]  Brown reports he has had no violent prison infractions, has

11

completed several educational programs including earning his GED and other secondary educational programs, and has earned certifications from the culinary arts school. [*Id*. at 9.] On the other hand, the Government contends the § 3553(a) factors weigh against reduction due to Brown's criminal history. [Doc. 210 at 8.]

The Court notes that Brown's PSR explains that on November 10, 2003, he walked into a Spartanburg, South Carolina bank wearing a mask. [Doc. 70 (PSR) ¶ 19.] He brandished a semiautomatic handgun, threatening to "pop" bank tellers if they gave him dye packs. [*Id*.] After collecting $14,958, Brown fired a shot into the ceiling and fled. [*Id*.] About two weeks later, Brown and another man robbed a second bank in Spartanburg. [*Id*. ¶ 7.] One man held the bank manager at gunpoint while the other jumped over the counter and collected $11,781 from the tellers. [*Id*. ¶ 8.] As with the first robbery, Brown fired a warning shot into the ceiling before fleeing. [*Id*. ¶¶ 8, 19.] In his ensuing effort to avoid arrest, Brown broke into two homes and pointed his firearm at a resident trying to call 911. [*Id*. ¶¶ 12–13.] At one point, Brown commandeered a police vehicle, driving a short distance before he crashed into a tree, and then tried to escape on foot but was clipped by a police cruiser and finally taken into custody. [*Id*. ¶ 14.] While being treated for his injuries at a hospital, Brown stole a nurse's purse and escaped through the ceiling in a restroom. [*Id*. ¶ 18.] He was on the run for two weeks before being apprehended in the early morning hours outside of a home in Florida. [*Id*. ¶ 69.] Thus, the nature and circumstances of his conviction weigh against a sentence reduction.

The PSR sets forth in detail Brown's long history of violent criminal behavior. By 18, Brown had been convicted of five burglaries and had also amassed convictions for attempted armed robbery, armed robbery, first-degree criminal sexual conduct, and

receiving stolen goods. [*Id*. ¶¶ 60–63.] After serving more than 15 years years of a life sentence for these crimes, Brown briefly escaped from custody, leading to another conviction. [*Id*. ¶ 64.] He was paroled approximately four years after his escape. [*Id*.] Brown, however, failed to reintegrate into society, and instead committed the bank robberies that led to his federal convictions. Thus, Brown's history and characteristics weigh against a sentence reduction.

Plaintiff has served about 54 percent of his 446-month sentence. Thus, this factor is neutral with respect to a sentence reduction. *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who ha[ve] already served the lion's share of their sentences").

Although Brown's participation in various rehabilitation efforts while incarcerated is commendable, rehabilitation alone is insufficient to qualify an inmate for compassionate release. *See United States v. Davis*, No. 21-6960, 2022 WL 127900, at *1 (4th Cir. Jan. 13, 2022); *United States v. Herndon*, No. ELH-19-268, 2023 WL 3645538, at *5 (D. Md. May 25, 2023). The Court cannot overlook the severity of Brown's crimes, his history of violence, the time remaining on his sentence, and the fact that his lengthy state sentence did not deter him from reoffending.

Therefore, the Court finds that, after reviewing the record, considering Brown's rehabilitation efforts, and considering the applicable § 3553(a) factors, Brown's current 446-month sentence is "sufficient, but not greater than necessary," to achieve the statutory goals of sentencing under 18 U.S.C. § 3553(a), and that he has not demonstrated adequate grounds to warrant a reduction in his current sentence.

**CONCLUSION**

Based on the foregoing and in light of the relevant § 3553(a) factors, the Court declines to exercise its discretion with respect to Brown's motion for compassionate release. Thus, it is hereby ORDERED that Brown's motion for a reduction in his sentence [Doc. 205] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

October 29, 2025
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.